JACOBIE GREEN

VERSUS

JEFFERSON PARISH CLERK OF COURT
OFFICE AND THE DISTRICT ATTORNEY
PAUL CONNICK, ET AL.

NO. 23-CA-582

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 843-270, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

September 25, 2024

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Scott U. Schlegel

**APPEAL DISMISSED**

    **SMC**
    **MEJ**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLANT,
JACOBIE GREEN
    In Proper Person

COUNSEL FOR DEFENDANT/APPELLEE,
DISTRICT ATTORNEY PAUL D. CONNICK, JR.
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Darren A. Allemand

COUNSEL FOR DEFENDANT/APPELLEE,
JEFFERSON PARISH CLERK OF COURT
    Carey B. Daste

**CHEHARDY, C.J.**

Appellant, Jacobie Green, appeals the trial court's October 11, 2023 judgment granting the exceptions of no cause of action and no right of action in favor of appellee, the District Attorney for the Parish of Jefferson, and dismissing Mr. Green's petition for writ of mandamus against the District Attorney with prejudice. For the following reasons, we dismiss this appeal.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This matter arises out of a public records request submitted by Mr. Green, first to the Jefferson Parish Clerk of Court, and subsequently to the Jefferson Parish District Attorney. In September 2015, a Jefferson Parish grand jury indicted Mr. Green on two counts of second degree murder and one count of attempted second degree murder in case number 15-3758.[1] A superseding bill of indictment was filed in October 2015, which adopted the original indictment with respect to Mr. Green. Following a jury trial in August 2018, Mr. Green was unanimously found guilty as charged. The court sentenced Mr. Green to life imprisonment for the two counts of second degree murder and to fifty years imprisonment for the one count of attempted second degree murder, all without benefit of parole, probation, or suspension of sentence, to run consecutively. This Court affirmed Mr. Green's convictions and sentences. *State v. Green*, 19-123 (La. App. 5 Cir. 12/26/19), 286 So.3d 1230, *writ denied*, 21-51 (La. 3/9/21), 312 So.3d 583.

By letter dated June 2, 2023, Mr. Green filed a public records request with the Jefferson Parish Clerk of Court. The letter contained the following reference:

RE: *Vote Count on Grand Jury Indictment*

> *COPY OF THE MINUTES OR DOCUMENTS*
> *REFLECTING A TRUE BILL OF INDICTMENT WAS*
> *FOUND BY NO LESS THAN NINE MEMBERS OF THE*
> *GRAND JURY* [Record of Vote Count on indictment by grand jury]

---

[1] Mr. Green was indicted along with separately tried co-defendants.

In the letter, Mr. Green requested to "inspect and copy: *Two (2) counts of Second Degree Murder and (1) count of Attempted Second Degree Murder* … in Criminal Docket No. 153857-SECTION 'J.'" The letter further requested that the Clerk of Court send to Mr. Green "the full costs, including the postage[,]" once the requested "***minutes*** or ***documents***" were located. Mr. Green indicated that he would then "promptly submit full payment" to the Clerk of Court's office.

On June 13, 2023, the Clerk's Office responded to Mr. Green's request for information and/or documents, advising him that he should "contact the DAs office for [the] requested documents" as the Clerk's Office does not maintain copies of the records Mr. Green requested. Accordingly, on June 23, 2023, Mr. Green submitted a similar request to the Jefferson Parish District Attorney's office, requesting to inspect and copy, among other things, the "vote count of the grand jury in this case under the Public Records Act," but received no response.

Subsequently, Mr. Green filed a petition for writ of mandamus on July 19, 2023, directed to the Clerk of Court and the District Attorney, seeking to compel documentation of his "true bill of indictment, the grand jury count on the second degree murder charges, and the return in open court." In response to Mr. Green's petition, on September 25, 2023, the District Attorney filed peremptory exceptions of no cause of action and no right of action asserting that as a practice, while the District Attorney does verify with the grand jurors that a quorum of a least nine jurors voted to return a true bill of indictment, his office does not obtain a transcript of that exchange. The District Attorney further averred that, to his knowledge, no such transcript of that portion of Mr. Green's grand jury proceeding had ever been generated. Nonetheless, the District Attorney argued that he is not the proper party to request that such a document be generated, and that Mr. Green

had not shown a particularized need for the document that outweighed the interest of grand jury secrecy.

The District Attorney's exceptions came for hearing on September 28, 2023.[2]  At the close of the hearing, the trial court granted the exceptions of no cause and no right of action, and dismissed Mr. Green's petition for writ of mandamus with prejudice.  The trial court issued a written judgment on October 11, 2023, reflecting this ruling.  This appeal followed.

In Mr. Green's brief on appeal, he sets forth three assignments of error as to why the trial court's October 11, 2023 judgment dismissing his petition for writ of mandamus should be reversed:  (1) the *Clerk of Court* failed to produce a public record of the grand jury vote count of the charged indictment; (2) the *Clerk of Court* failed to record the grand jury vote count on any of the charged indictments; and (3) the *Clerk of Court* deprived him of his right to a public record, violating his right to due process and equal protection of law.

Although the Clerk of Court has filed an appellee brief purportedly responding to the assignments of error raised by Mr. Green, the record on appeal confirms that the Clerk of Court did not file an answer to Mr. Green's petition for writ of mandamus, did not file (nor join in the District Attorney's) exceptions of no cause and no right of action, and did not otherwise make an appearance in the trial court in this matter.  More significantly, the Clerk of Court was not a party to the proceedings resulting in the October 11, 2023 judgment from which Mr. Green now appeals.  In fact, the judgment is completely silent as to the Clerk of Court and, thus, does not alter the status of the Clerk of Court as a litigant in this case. Put simply, the judgment appealed from does not dismiss Mr. Green's petition for

---

[2]     The Clerk of Court did not join in the District Attorney's exceptions or make an appearance at the hearing.

writ of mandamus as it relates to the Clerk of Court, and only dismisses the petition with prejudice as to Mr. Green's claims against the District Attorney.

Mr. Green's appellant brief, however, does not allege the trial court erred in granting the District Attorney's exceptions. In fact, Mr. Green sets forth *no* assignment of error regarding the October 11, 2023 judgment as it relates to the District Attorney, the only defendant that was a party to the proceeding, and the only party in whose favor the judgment at issue was actually rendered. Consequently, there is no valid assignment of error in the October 11, 2023 judgment for this Court to review. For these reasons, Mr. Green's appeal must be dismissed.

**APPEAL DISMISSED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 25, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-582

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          CAREY B. DASTE (APPELLEE)

**MAILED**
JACOBIE GREEN #736648 (APPELLANT)          HONORABLE PAUL D. CONNICK, JR.
LOUISIANA STATE PENITENTIARY              (APPELLEE)
ANGOLA, LA 70712                          DISTRICT ATTORNEY
                                          SUNNY D. FUNK (APPELLEE)
                                          ASSISTANT DISTRICT ATTORNEY
                                          TWENTY-FOURTH JUDICIAL DISTRICT
                                          200 DERBIGNY STREET
                                          GRETNA, LA 70053